IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JO ANN P. KENNEDY and EDWARD W. KENNEDY, JR. | § § § | PLAINTIFFS |
| v. | § § | CAUSE NO. 1:05CV685 |
| JOSEPH KELLY and SOUTHERN TITLE COMPANY, INC. | § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT JOSEPH KELLY'S MOTION TO DISMISS**

THE MATTER BEFORE THE COURT is Defendant Joseph Kelly's Motion to Dismiss [15], filed June 27, 2006. The Plaintiffs have filed their response. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Plaintiffs' complaint is legally sufficient, and the Court has subject matter jurisdiction of Plaintiffs' claims. Therefore, the Defendant's Motion to Dismiss will be denied.

DISCUSSION

The allegations of Plaintiffs' complaint are that in July 2005, Plaintiffs contracted to purchase a piece of real property in Diamondhead, Mississippi for $134,819.90. Defendant Joseph Kelly of Southern Title Company, Inc., was retained to conduct the closing. At the closing, Kelly showed Plaintiffs a survey of the property which showed a fence encroaching approximately two feet onto the property. This was unacceptable to Plaintiffs, who agreed with Kelly's suggestion to hold the purchase funds and documents in escrow for 14 days, within which time the fence was to be removed or the items held in escrow would be returned to Plaintiffs. The parties entered into a written agreement, under which Kelly was not authorized to release the funds to the sellers until he received written instructions from one of the Plaintiffs.

The funds and executed purchase documents were to be returned to the Plaintiffs if the fence had not been removed within 14 days. Plaintiffs allege that when they instructed Kelly to return the funds after the expiration of 14 days, Kelly informed them that he had already disbursed the funds to the sellers. Plaintiffs bring claims of negligence and breach of fiduciary duty against the Defendants, asserting as damages the $134,819.90 purchase price, among other things.

Defendant Joseph Kelly first contends that the Court does not have subject matter jurisdiction because although the parties are residents of different states, Plaintiffs have not shown that the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332. According to Kelly, the Escrow Agreement alleged by Plaintiffs was superceded by another agreement which provided for a $5,000.00 reduction in the purchase price if the fence was not removed within the time allowed. Thus, Kelly asserts that the amount in controversy is only $5,000.00, not $134,819.90.

Kelly also asserts that the fence was actually removed by Hurricane Katrina within the 14 day time period. Thus, the condition precedent to release of the funds was met, and there was no negligence or breach of fiduciary duty. From this, Kelly concludes that Plaintiffs have failed to state a claim pursuant to FED. R. CIV. P. 12(b)(6).

SUBJECT MATTER JURISDICTION:

As the party invoking federal diversity jurisdiction, Plaintiffs bear the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Group v. Lou-Con Inc*. 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)). In considering whether Plaintiffs have met this burden, the Court is to first examine the complaint to determine whether it is facially apparent

that the claims exceed the jurisdictional amount. *Id*. A facially apparent figure is conclusive of the matter, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith. *Sims v. Lumbermens Mut. Cas. Co.,* 789 F.Supp. 781, 783 (S.D.Miss. 1992)(citations omitted). Examining the complaint in this case, it is apparent that Plaintiffs' claims exceed $75,000.00; they explicitly request judgment in the amount of $134,819.90. Although Defendant Kelly alleges that $5,000.00 is the true amount in controversy, he has provided no evidence supporting his allegation and does not show that Plaintiffs' assertion of the amount in controversy is not made in good faith. Plaintiffs have therefore met their burden of establishing that the amount in controversy exceeds the jurisdictional amount.

SUFFICIENCY OF PLAINTIFFS' COMPLAINT:

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal* , 75 F.3d 190, 196 (5th Cir. 1996), *citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992). "[T]he court may not look beyond the pleadings in ruling on the motion." *Baker*, 75 F.3d at 197.

In order to prevail on a claim of breach of fiduciary duty, Plaintiffs must show the existence of a fiduciary relationship between themselves and the Defendants. *Merchants & Planters Bank of Raymond v. Williamson*, 691 So.2d 398, 403 (Miss. 1997). A fiduciary relationship includes both technical fiduciary relationships and informal fiduciary relationships, which exist simply "whenever one person trusts in or relies upon another." *Skinner v. USAble Life,* 200 F.Supp.2d 636, 641 (S.D.Miss. 2001) (citing *Lowery v. Guaranty Bank and Trust Co.,* 592 So.2d 79, 83 (Miss. 1991). Plaintiffs have alleged facts, detailed above, showing that they

placed trust in Defendant Kelly to perform the duties he had assumed under an escrow agreement with them.  Plaintiffs also allege that Kelly acted contrary to the terms of the escrow agreement, to the Plaintiffs' detriment.  These allegations are sufficient to state a claim of breach of fiduciary duty.

Plaintiffs' allegations also adequately state a claim of negligence.  Under Mississippi law, a claim of negligence has four elements: duty, breach, causation, and damages.  *Price v. Park Management, Inc.,* 831 So.2d 550 (Miss.Ct.App.2002).  Plaintiffs' allegations assert that Defendants had a duty under the escrow agreement to hold the purchase funds until they were released by Plaintiffs.  Plaintiffs allege they did not authorize release of the funds, but Defendants released them nevertheless.  Plaintiffs allege they were damaged by these actions.  These allegations are sufficient to state a claim of negligence.

The Court notes that Defendant Kelly's arguments, summarized above, attack the merits of Plaintiffs' claims, rather than their sufficiency, and are therefore irrelevant to the failure to state a claim analysis.  The pertinent question for the Rule 12(b)(6) analysis is whether Plaintiffs have alleged the elements of a negligence claim and a breach of fiduciary duty claim.  The Court therefore finds that Defendant Kelly's Motion to Dismiss should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Joseph Kelly's Motion to Dismiss [15] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of February, 2007.

s/ *Louis Guirola, Jr.*<br>
LOUIS GUIROLA, JR.<br>
UNITED STATES DISTRICT JUDGE